Dave Dalthorp
Murry Warhank
JACKSON, MURDO & GRANT, PC
203 North Ewing Street
Helena, MT 59601
Ph: (406) 513-1124
Fax: (406) 443-7033
dalthorp@jmgm.com
mwarhank@jmgm.com



*Attorneys for Plaintiffs,*
*ANDY and JODIE DRANGE*

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| JODIE and ANDY DRANGE, each individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSRUANCE COMPANY; and DOES 1-100<br><br>Defendants. | Cause No. **DV 19-1733**<br>GREGORY R. TODD<br><br>**COMPLAINT, STATEMENT OF CLASS ACTION AND DEMAND FOR JURY TRIAL**<br><br> |

Plaintiffs, JODIE and ANDY DRANGE ("Plaintiffs") on behalf of themselves, and all others similarly situated, complain and allege as follows:

### INTRODUCTION

1. This is a statement of a class action lawsuit under Montana Rule of Civil Procedure Rule 23, seeking declaratory relief, restitution under the Unfair

Trade Practices and Consumer Protection Act of 1973, §§ 30-14-101, *et seq.*, MCA, for unfair/deceptive acts or practices by Defendants, injunctive relief and other equitable relief, reasonable attorneys' fees, and costs, brought on behalf of Plaintiffs and others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' and Class Members' claims for declaratory relief under Montana Rule of Civil Procedure Rule 57.

3. This Court has jurisdiction over Plaintiffs' and the Class Members' claims for injunctive relief, and from Defendants' deceptive and/or unfair business practices under Unfair Trade Practices and Consumer Protection Act of 1973, §§ 30-14-101, *et seq.*, MCA.

4. Venue is proper in this judicial district, pursuant to Montana Rule of Civil Procedure Rule 3 because it is where Plaintiffs' property is located.

## PARTIES

5. Plaintiffs are, and at all relevant times were, Montana residents. Within the statute of limitations for the claims made herein, Plaintiffs experienced Defendants' unlawful and deceptive acts and practices.

6. Plaintiffs appear in this action on behalf of themselves and on behalf of all others similarly situated.

7. Defendant, Mountain West Farm Bureau Mutual Insurance Company

(hereinafter "Mountain West Insurance"), is an insurance company and engages in the insurance business throughout Montana.

8. Plaintiffs are informed that Mountain West Insurance was the insurer under the insurance policy that was effective at all relevant times for Plaintiffs' property located at 2751 Alpine View Drive, Laurel, Montana 59044-9311.

9. Plaintiffs are informed and believe that Does 1 through 100 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

10. Plaintiffs are unaware of the true names of Defendant Does 1 through 100. Plaintiffs sue said defendants by said fictitious name, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiffs are informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

11. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the

other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs are further informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 100.

12. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Mountain West Insurance operates in Yellowstone County, Montana.

14. At times during the liability period, Mountain West Insurance insured homeowners like Plaintiffs in Montana and adjusted claims arising from covered insurance losses, like the losses incurred by Plaintiffs.

Exhibit B - Notice of Removal

15. On May 21, 2016, Plaintiffs suffered what was determined by Defendants to be a covered homeowner's loss.

16. Defendants and Plaintiffs eventually agreed on a scope and repair cost of the loss, and Defendants paid Plaintiffs based on the agreed-to scope.

17. Defendants withheld profit and overhead on the claim unless and until it was incurred.

18. Defendants did not cite to any insurance contract provision as the basis for withholding profit and overhead on the claim until it was incurred, nor did they cite any regulation of law for such refusal.

19. Defendants' position with respect to withholding profit and overhead on the claim until it was incurred violates the Montana Insurance Regulations governing the handling of insurance claims.

20. As a result of this conduct, Mountain West Insurance has profited from retaining the money it owed to every person who, like Plaintiffs, did not receive at all, or the interest thereon, the profit and overhead on the claim until it was incurred.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

21. Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated persons as a class action pursuant to Montana Rule of Civil Procedure Rule 23. The members of the Class are defined as follows:

**Profit and Overhead Class:** All Mountain West Insurance policyholders in Montana who made a claim for damage to their real property within the last four (4) years where Mountain West Insurance provided money to policyholders but did not pay profit and overhead until and/or unless it was incurred.

22. This action has been brought and sought to be properly maintained as a class action pursuant to the provisions of Montana Rule of Civil Procedure Rule 23 and other applicable law.

23. **Numerosity:** Members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs estimate that there are no less than 1,000 persons in the identified classes. The precise number of Class members and their addresses are unknown to Plaintiffs. However, Plaintiffs are informed and believe that the number can be obtained from Defendants' insurance claims records. Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

24. **Commonality:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions effecting only individual members of the class. These common factual and legal questions include:

> (a) Whether Mountain West Insurance's refusal to pay profit and overhead until and unless incurred violates Montana's insurance regulations;

(b) Whether Mountain West Insurance's refusal to pay profit and overhead until and unless incurred resulted in windfall profits that Defendants were not entitled;

(c) Whether Mountain West Insurance committed deceptive and/or unfair unlawful practices or acts within the meaning of Unfair Trade Practices and Consumer Protection Act of 1973, §§ 30-14-101, *et seq.*, MCA.

(d) Whether Mountain West Insurance raises any affirmative defenses that are universal in application.

25. **Typicality**: Plaintiffs' claims are typical of the claims of the members of the respective Classes because Plaintiffs, as Mountain West Insurance insureds who suffered losses, were entitled to receive profit and overhead when Mountain West Insurance paid the actual cash value on the insurance claims. Plaintiffs sustained the same types of injuries and losses that the Class members sustained. Plaintiffs are subject to the same affirmative defenses as the members of the Class.

26. **Adequacy**: Plaintiffs will adequately and fairly protect the interests of each member of the Class. Plaintiffs have no interest adverse to the interests of absent Class members. Plaintiffs are represented by legal counsel who has substantial class action experience in civil litigation.

27. **Superiority**: A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for

Exhibit B - Notice of Removal

the parties and the Court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of each Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

28.   **Predominance**: The questions presented under the commonality requirement predominate over any other questions effecting only individual members of the Class. The unique and individual way Plaintiffs and Class members experienced the harm does not change the fact that the harm – refusal to pay profit and overhead until and unless incurred – remains the same. Additionally, the calculation of damages on an individual basis does not preclude class certification when the common issues of law and fact predominate.

### FIRST CAUSE OF ACTION
### UNFAIR/DECEPTIVE TRADE PRACTICES
### (By Plaintiffs and the Profit and Overhead Class against all Defendants)

29.   Plaintiffs incorporate paragraphs 1 through 28 of this complaint as

though fully alleged herein.

30. This cause of action is brought pursuant to the Unfair Trade Practices and Consumer Protection Act of 1973, §§ 30-14-101, *et seq.*, MCA. Defendants' conduct constitutes unfair, unlawful and/or deceptive business practices within the meaning of the Unfair Trade Practices and Consumer Protection Act of 1973, §§ 30-14-101, *et seq.*, MCA.

31. Mountain West Insurance provides insurance related services in Montana. At times during the liability period, Mountain West Insurance operated an insurance company which wrote homeowner's insurance coverage and sold such coverage to the general public.

32. At all times during the liability period when Mountain West Insurance's insureds' suffered what Mountain West Insurance determined to be covered insurance losses. Mountain West Insurance agreed to the scope and cost of repair, Mountain West Insurance withheld money from its insureds and Plaintiffs by withholding profit and overhead unless and/or until it was incurred.

33. At all times during the liability period, Plaintiffs and others similarly situated were victims of the practice of Mountain West Insurance wherein Mountain West Insurance withheld profit and overhead unless and/or until it was incurred.

34. During the liability period, Mountain West Insurance failed to pay to Plaintiffs and all other members of the putative class the proper amount of money

owed for their losses because it withheld profit and overhead until it was incurred.

35. By saving money from the above-referenced practice and paying less for property damage than is reasonable, Mountain West Insurance is unfairly making more money.

36. At all times during the liability period, Plaintiffs and those other similarly situated were not provided reimbursement for overhead and profit or the interest on the overhead and profit once it was actually paid.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF
**(By Plaintiffs and the Profit and Overhead Class against all Defendants)**

37. Plaintiffs incorporate paragraphs 1 through 36 of this complaint as though fully alleged herein.

38. A dispute has arisen between Plaintiffs and Mountain West Insurance as to whether the Montana Insurance Code, Insurance Regulations and Montana law thereunder prohibit Mountain West Insurance from withholding profit and overhead until it is incurred.

39. Plaintiffs, on behalf of themselves and all other similarly situated individuals, seek declaratory relief from this Court or in the form of an order that defines the respective rights and duties of Plaintiffs and the Class, on the one hand, and Mountain West Insurance, on the other, under Montana statutes and regulations governing insurance claims.

40. Further, Plaintiffs seek an order that Mountain West Insurance's practice of withholding profit and overhead until it is incurred violates Montana law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

1. That this action be certified as a class action pursuant to Montana Rule of Civil Procedure Rule 23;

2. That pursuant to Unfair Trade Practices and Consumer Protection Act of 1973, §§ 30-14-101, *et seq*, MCA, Mountain West Insurance, its officers, directors, principals, assignees, successors, agents, representatives, employees, subsidiaries, affiliates, and all persons, corporations and other entities acting by, through, under, or on behalf of said Defendant, or acting in concert or participation with it, be permanently enjoined from directly or indirectly committing any violations of Unfair Trade Practices and Consumer Protection Act of 1973, §§ 30-14-101, *et seq*, MCA, including, but not limited to, the violations alleged in this complaint;

3. Ordering the disgorgement of all sums unjustly obtained from Plaintiffs, the members of the Class and the public;

4. Ordering Defendants to make restitution to Plaintiffs, the members of

the Class and the public, if it is found the practices are illegal;

5. An order granting the declaratory relief sought in the second cause of action for Plaintiffs and each member of the Class;

6. Awarding prejudgment and post-judgment interest at the maximum legal rate;

7. Awarding attorneys' fees according to proof;

8. Awarding costs of suit herein; and

9. All such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for themselves and the Class on all claims so triable.

DATED this 12nd day of December, 2019.

JACKSON, MURDO & GRANT, PC

_____
Dave Dalthorp
*Attorney for Plaintiffs, JODIE and ANDY DRANGE,
each individually and on behalf of other persons similarly situated*