IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



**FILED**

JUL 3 1 2020

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| JODIE and ANDY DRANGE, each individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY and DOES 1-100,<br><br>Defendants. | CV 20-30-BLG-SPW<br><br>ORDER RE DEFENDANT'S MOTION TO DISMISS COUNT II AND PART OF COUNT I OF THE SECOND AMENDED COMPLAINT |

Before the Court is Defendant Mountain West Farm Bureau Mutual Insurance Company's motion to dismiss Count II and part of Count I of the Second Amended Complaint, filed May 19, 2020. (Doc. 29.) Mountain West argues that, first, Plaintiff's allegation of violation of § 33-18-201(7) in Count I must be dismissed as barred under Montana's Unfair Trade Practices Act ("UTPA"). Second, any allegations of fraud in Count I must be dismissed for failure to meet F.R.Civ.P. 9(b)'s heightened pleading standard. Third, Plaintiffs' claims for declaratory relief and injunctive relief must be dismissed due to lack of legal authority under the UTPA.

1

Plaintiffs Jodie and Andy Drange respond that Defendant erroneously applies the UTPA and that their allegation of fraudulent conduct meets the pleading standard because they are not alleging fraud but fraudulent conduct instead. (Doc. 34.) Plaintiffs also maintain that they are not seeking declaratory relief under the UTPA. Instead, the party seeks relief under the insurance policy itself which makes the claim cognizable.

## I.     Relevant Background

Plaintiffs bring this class action claim seeking damages against Mountain West for the insurance company's claim handling practice of withholding loss payments for overhead and profit charges until an insured incurs those charges. Plaintiffs' Second Amended Complaint (Doc. 28.) states three counts arising from this practice: 1) Violation of the Unfair Trade Practice Act, § 33-18-201(1), (4), (5), (6), (7), and (13), MCA; 2) Declaratory Relief; and 3) Breach of Contract. Specifically, Count I states that by "systematically refusing to pay insureds profit and overhead on covered homeowner's insurance claims unless and until it is incurred," Mountain West has violated the above sections of the UTPA. (Doc. 28 at 10.) Count I also alleges that Mountain West acted "fraudulently" by failing to advise Plaintiffs about Mountain West's practice of withholding overhead and profit from claim payments. (Doc. 28 at 11.) Count II seeks declaratory relief on the rights and duties of the Plaintiffs and Defendant regarding whether the

insurance policy prohibits Mountain West from withholding profit and overhead from payments until and unless it is incurred by an insured. (Doc. 28 at 12.)

## II.    Legal Standard

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Claims sounding in fraud or mistake are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that such claims "state with particularity the circumstances constituting fraud or mistake."  This includes "the who, what, when, where, and how of the misconduct charged." *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (citation omitted).  In fraud cases, plaintiffs "must set forth what is false or misleading about a statement, and why it is false." *Becerra*, 945 F.3d at 1228.  The allegations of fraud "must be specific enough to give defendants notice of the particular

misconduct which is alleged to constitute the fraud charged." *Becerra*, 945 F.3d at 1228.

### III.   Discussion

As noted above, Plaintiffs' Second Amended Complaint provides three counts against Mountain West: 1) specific violations of the UTPA; 2) declaratory and injunctive relief; and 3) breach of contract. Defendant's motion seeks to dismiss Count II (declaratory and injunctive relief) in its entirety and also dismiss parts of Count I that specifically detail violation of §33-18-201(7) and allegations of fraud. For the following reasons, the Court GRANTS Defendant's motion and dismisses Count II and parts of Count I detailed below.

### A. Dismissal of Count I's § 33-18-201(7) violation allegation.

Count I of Plaintiff's Second Amended Complaint alleges several violations of the UTPA including a violation of § 33-18-201(7), MCA. Mountain West argues this allegation must be dismissed as barred by the UTPA.

"An insured or a third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201." § 33-18-242(1), MCA. This section expressly limits the ability of an insured party to seek damages for a violation of the UTPA's provisions. As noted by Mountain West, the statute does not include § 33-18-201(7) in its list of available claims. Plaintiffs' response brief

4

includes an argument in support of their claims under § 33-18-201(1), (4), (5), (6), and (13), but offers no support or argument for the violation claim of (7). Without argument, it appears Mountain West's argument is well taken, and the Court agrees. By not including (7) in the list of allowable claims, § 33-18-242(1) bars Plaintiffs from asserting it as an independent cause of action in the present matter. Count I of Plaintiffs' Second Amended Complaint is therefore dismissed to the extent it seeks to assert a violation of § 33-18-201(7).

### B. Dismissal of Count I to the extent it seeks to assert a claim of fraud.

Count I of the Second Amended Complaint further alleges "Defendant acted fraudulently because Defendant did not advise Plaintiffs in any way, including not in the insurance policy, that Defendant would withhold profit and overhead and not pay it unless and until it was incurred on covered homeowner's claims." (Doc. 28 at 11.) Mountain West argues this statement fails to satisfy the special pleading requirements for a claim of fraud and must be dismissed to the extent the allegation attempts to do so.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." F.R.Civ.P. 9(b). However, "in a case where fraud is not an essential element of a claim, only allegations ("averments") of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). If the

offered averments of fraud fail to meet the heightened requirements, those averments must be stripped from the complaint. *Id.* Here, Plaintiffs state that Count I does not allege withholding overhead and profit payments is fraudulent in itself, but that Mountain West acted fraudulently when they failed to inform Plaintiffs of the practice. Plaintiffs admit that they are not alleging a claim of fraud. Therefore, to the extent that the allegations in Count I plead a cause of action for fraud, they are dismissed for failure to satisfy the heightened standard of Rule 9(b).

### C. Dismissal of Count II in its entirety.

Count II of the Second Amended Complaint seeks "declaratory relief from this Court or in the form of an order that defines the respective rights and duties of Plaintiffs and the Classes . . . and Defendant . . . and the insurance policy." (Doc. 28 at 12). Count II also requests "an order that Defendant's practice of withholding profit and overhead unless and until it is incurred violates the insurance policy." (Doc. 28 at 12). Mountain West argues that these attempts to seek declaratory and injunctive relief are barred by the UTPA and points to the recent case of *Byorth v. USAA Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 212701 (D. Mont., Dec. 2019), for support.

In *Byorth*, the plaintiffs sought declaratory and injunctive relief against an insurer over the insurer's claim handling practice. However, the Byorth Court recognized that the UTPA limited the kinds of private actions an insured may

pursue. *Id.,* *6. "An insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to [§ 33-18-242], but not under any other theory or cause of action." § 33-18-242(3), MCA. After reviewing both federal and state UTPA precedent, the Byorth Court concluded that "[t]he UTPA . . . neither creates a right of action for declaratory judgment, nor does it allow for declaratory or injunctive relief." *Byorth,* 2019 U.S. Dist. LEXIS 212701, * 7, *citing Mark Ibsen, Inc. v. Caring for Montanans, Inc.,* 371 P.3d 446, ¶ 50 (Mont. 2016); *see also Bateman v. Nat'l Union Fire Ins. Co.,* 423 Fed. Appx. 763, 766 (9th Cir. 2011). In reaching its conclusion, the Byorth Court recognized that the precedent has become slightly muddied, but, nevertheless, "[u]ntil the Montana Supreme Court resolves its conflicting case law by directly addressing this issue, this Court will continue following Ninth Circuit precedent[1]." * 11. Therefore, Count II of Plaintiffs' Second Amended Complaint is dismissed in its entirety for failure to state a cognizable claim.

//

---

[1] The *Byorth* Court acknowledged a contrary ruling by the Montana Supreme Court in *Jacobsen v. Allstate Ins. Co.,* 2013 MT 244 (Mont. 2013), but the court determined the *Jacobsen* ruling, as a motion to certify a class, was distinguishable from a motion to dismiss and did not expressly overrule the past precedent of *Ibsen* and others. 2019 U.S. Dist. LEXIS 212701, * 9-10.

**IT IS HEREBY ORDERED** that Defendant Mountain West Farm Bureau Mutual

Insurance Company's motion to dismiss Count II and part of Count I of the Second

Amended Complaint (Doc. 29) is **GRANTED.**


DATED this ___30th___ day of July, 2020.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge