IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JODIE and ANDY DRANGE, each individually and on behalf of other persons similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY and DOES 1-100,<br><br>　　　　　　　　　Defendants. | CV 20-30-BLG-SPW<br><br>ORDER STAYING MOTIONS FOR SUMMARY JUDGMENT AND REQUESTING BRIEFING ON ISSUE OF SUBJECT MATTER JURISDICTION |

Upon recent review of Defendant Mountain West's Notice of Removal (Doc. 1), the Court is requesting briefing on whether subject matter jurisdiction exists to maintain the present action in federal court. Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "A defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001). That amount in controversy must exceed $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

1

Here, Mountain West's Notice of Removal asserts that Plaintiffs' Complaint sets forth a sum exceeding $75,000 on its face. (Doc. 1 at 3). However, the Notice admits that the named plaintiffs' (the Dranges) damages total $11,684, exclusive of costs and fees. Mountain West appears to rely on the Complaint's class action allegations to make up the remaining required sum as the Notice explains the proposed class will include no less than 1,000 persons with anticipated damages of approximately $1,000 each. (*Id.* at 3-4). Mountain West cites to *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1474 (9th Cir. 1997), for support that "[a] declaratory judgment plaintiff [reaches] the jurisdictional amount by aggregating its multiple claims against a single defendant." Yet, *Budget* was not a class action case and the Ninth Circuit has expressly declined similar arguments to aggregate individual damage claims of unnamed class members in a class action for purposes of satisfying the amount-in-controversy requirement. *See Gibson*, 261 F.3d at 944-45. This seeming contradiction requires clarification. Therefore, the Court requests briefing on the issue of whether the present action meets § 1332(a)'s amount-in-controversy requirement. Resolution of the parties' pending motions is stayed until the Court is satisfied that subject matter jurisdiction exists for the Court to resolve those outstanding matters.

//

**IT IS HEREBY ORDERED** that the current pending matters in this case (Docs. 39, 44, and 60) are stayed pending resolution of the subject matter jurisdiction question. Briefs on the question must be submitted by the following deadlines:

1) Defendant Mountain West shall file their initial brief within fourteen (14) days of the filing of this Order;

2) Plaintiffs shall file their response brief within fourteen (14) days of the filing of Mountain West's brief;

3) Should they wish to do so, Mountain West shall file a reply brief within fourteen (14) days of the filing of Plaintiffs' brief.

DATED this 26th day of February, 2021.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge