IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JODIE and ANDY DRANGE, each individually and on behalf of other persons similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY and DOES 1-100,<br><br>      Defendants. | CV 20-30-BLG-SPW<br><br>ORDER RE ISSUE OF SUBJECT MATTER JURISDICTION |

On February 26, 2021, the Court requested briefing from the parties regarding the amount in controversy expressed in the Plaintiffs' complaint for purposes of establishing federal diversity jurisdiction under 28 U.S.C. § 1332(a) or the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The Court stayed all pending matters in anticipation of the parties' briefs. (Doc. 67). Defendant Mountain West Farm Bureau Mutual Insurance Company ("Mountain West") filed their initial brief on March 12, 2021. (Doc. 68). Plaintiffs Jodie and Andy Drange filed their brief on March 26, 2021. (Doc. 69). Mountain West filed a reply brief on April 8, 2021. The matter is now ripe for determination.

//

1

I.  **LEGAL STANDARD**

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "A defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001). That amount in controversy must exceed $75,000, exclusive of interests and costs, for the named plaintiffs. 28 U.S.C. § 1332(a).[1] When the complaint does not state an amount in controversy on its face, it is the burden of the removing party to establish the necessary amount existed at the time of removal. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). A defendant's notice of removal satisfies this burden so long as it includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, when the amount is contested, evidentiary proof is typically required as both sides submit proof and the court determines, by a preponderance of the evidence, whether the amount in controversy requirement is met. *Id.* at 88.

---

[1] The statute also requires diversity of citizenship for federal jurisdiction. The Court is satisfied that diversity exists in this case and is not at issue.

Alternatively, for class actions, a removing party may establish federal jurisdiction through CAFA when the proposed class contains at least 100 members and the aggregate amount in controversy exceeds $5,000,000. *Canela*, 971 F.3d at 850.

## II.  DISCUSSION

Mountain West asserts that subject matter jurisdiction is proper in this Court because the named parties' claims exceed $75,000 and the complaint's class claims exceed $5,000,000 with an anticipated class size of more than 100 members. Plaintiffs argue that federal jurisdiction is improper, and the Court should remand the action to state court because Mountain West has not met its burden of demonstrating that the amount-in-controversy requirements are met.

For the named plaintiffs, Mountain West states that the Dranges seek $8,762.40 in contract damages and a further $8,762.40 in damages under the UTPA claim. The complaint also seeks attorneys' fees which Mountain West asserts could reasonably equal $50,000 based on the experience of the attorneys involved and the complexity of the case. Finally, Mountain West asserts that because the complaint seeks punitive damages, a 4:1 ratio is reasonable to calculate punitive damages based on the compensatory damages asserted. By this estimation, Mountain West claims the complaint puts $302,574.40 into controversy thereby satisfying the amount-in-controversy requirement.

The Court finds, by a preponderance of the evidence, that the complaint sets forth a breach of contract claim for $8,762.40 and a UTPA claim for $8,762.40. At issue is whether Mountain West's claimed amounts for attorneys' fees and punitive damages are reasonable.

"Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Mountain West cites two sources allowing for attorneys' fees in this action: Mont. Code Ann. § 27-8-313, which provides for supplemental relief awards in declaratory judgment actions, and the "insurance exception" to the American Rule. Plaintiffs argue that Montana's "insurance exception" is not based on statute or contract in this case and, therefore, cannot be considered a proper basis for calculating future attorneys' fees. Plaintiffs further assert that Mountain West's statutory reliance is misplaced because the complaint's declaratory judgment claim has been dismissed. However, as Plaintiffs concede, the amount in controversy is calculated at the time of removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Therefore, Mountain West's reliance on Mont. Code Ann. § 27-8-313 is proper because the complaint contained a declaratory judgment claim when the case was removed.

Mountain West calculated $50,000 in attorneys' fees based on attorneys' fees awarded in similar cases involving an insurer's obligation under an insurance policy. *See King v. GEICO Ins. Co.*, 2014 WL 1789460 (D. Mont. 2014); *Hoffman v. GEICO*, 2008 WL 11417042 (D. Mont. 2008); *Dowson Mid-Continent Cas. Co.*, 2013 WL 12133962 (D. Mont. 2013); and *Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429 (Mont. 2013). Mountain West also submits an affidavit from their attorney, Martha Sheehy, stating that Mountain West has already incurred fees in excess of $50,000 in motions practice in this case. The Court finds this proof satisfactory and Mountain West's estimate of future attorneys' fees to be reasonable.

Mountain West also estimates a potential punitive damages amount of $234,049.60 based on Plaintiffs' claimed contract damages and a damage ratio of 4:1. To satisfy the amount in controversy requirement with the addition of punitive damages, the removing party must demonstrate that the punitive/compensatory damages ratio is reasonably possible. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 773 (9th Cir. 2020). The removing party satisfies this burden through citation to "a case involving the same or similar statute in which punitive damages were awarded based on the same or higher ratio." *Id.* Mountain West cites to several cases involving first-party claims against an insurer concerning policy proceeds payments. Those cases resulted in punitive damages awards to the plaintiffs at a

5

ratio similar to or higher than 4:1. *See King v. GEICO Indem. Co.*, 712 Fed. Appx. 649, 650 (9th Cir. 2017); *Dees v. American Nat'l Fire Ins. Co.*, 861 P.2d 141 (Mont. 1993); and *DeBruycker v. Guaranty Nat. Ins. Co.*, 880 P.2d 819 (Mont. 1994).

Plaintiffs argue Mountain West's punitive damages calculations are too speculative to be considered for the amount in controversy requirement. Specifically, Plaintiffs claim, "the cases Mountain West cites do not have facts analogous to those here" and are therefore not appropriate for the Court to consider. (Doc. 69 at 6). However, as Mountain West recognized, the Ninth Circuit does not require this level of detailed comparison when anticipating a punitive damages award. In *Greene*, the Ninth Circuit expressly rejected the district court's requirement that the removing party must demonstrate how the cases cited are factually similar to the case at issue. 965 F.3d at 773. The Ninth Circuit found this practice improper because it asked parties "to show the likelihood of the plaintiff prevailing on the punitive damages claim, rather than merely establishing the potential amount 'at stake.'" *Id.* Therefore, the Court rejects Plaintiffs' argument and finds that Mountain West has satisfied its burden of demonstrating that a 4:1 punitive damages ratio is reasonable.

Having found that Mountain West met its burden of establishing an amount in controversy over $75,000 for the named plaintiffs, the Court need not address the alternative basis for federal jurisdiction under CAFA.

### III.   CONCLUSION

**IT IS HEREBY ORDERED** that, having found the present case satisfies the amount in controversy requirement of 28 U.S.C. § 1332, the Court's previous stay is lifted, and the Court shall proceed to resolve the pending motions.

DATED this 23rd day of April, 2021.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge