IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JODIE and ANDY DRANGE, each individually and on behalf of other persons similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY and DOES 1-100,<br><br>      Defendants. | CV 20-30-BLG-SPW<br><br>ORDER RE DEFENDANT'S MOTION TO STRIKE |

Before the Court is Defendant Mountain West Farm Bureau Mutual Insurance Company's ("Mountain West") motion to strike certain portions of Jon Hooley's declaration and portions of Plaintiffs' statement of disputed facts, filed November 13, 2020. (Doc. 60). Plaintiffs responded to Defendant's motion on November 24, 2020. (Doc. 63). Mountain West replied on December 8, 2020. (Doc. 64). The motion is deemed ripe and ready for adjudication. For the following reasons, Mountain West's motion is granted in part and denied in part.

**I. Hooley Statement**

Mountain West argues that portions of Jon Hooley's declaration, submitted by Plaintiffs in support of their motion for summary judgment, must be stricken as

1

inadmissible evidence. Mountain West points specifically to Hooley's statement that "Big Sky subcontracted out *all* of the work on this project" (Doc. 57-1 at ¶ 2) (emphasis in the original) as barred under Fed. R. Evid. 1002 ("Best Evidence Rule").

The Best Evidence Rule states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." According to Mountain West, Hooley states that all of the repairs were performed with subcontracted labor, yet no subcontracts were produced as evidence. Mountain West claims the subcontracts were repeatedly requested from Plaintiffs in discovery requests, yet Plaintiffs failed to provide the information. Therefore, Hooley's statements cannot now be used to prove the existence of the terms of those subcontracts or even the contracts' existence.

However, as recognized by the Ninth Circuit in *U.S. v. Diaz-Lopez*, 625 F.3d 1198, 1202-03 (9th Cir. 2010), "the rule applies only to the *terms of the document*, and not to any *other facts about the document*. In other words, the rule . . . does not apply to exclude testimony which concerns the document without aiming to establish its terms . . . ." (quoting John Henry Wigmore, *Evidence in Trials at Common Law*, § 1242 at 574 (James H. Chadbourn rev. 1972) (emphasis in original)). Because the Government's witness in *Diaz-Lopez* testified only about whether or not a record was found in a computer database search and not about the

2

contents of that record, the Best Evidence Rule did not apply to bar the testimony. 625 F.3d at 1203.

Similarly, Plaintiffs offer Hooley's testimony as evidence of the subcontracts' existence and not necessarily for the content of those contracts. The Best Evidence Rule does not apply. The issue of Plaintiffs' failure to produce the contracts themselves goes to the weight of the evidence but does not necessitate the expulsion of the statements. Therefore, Mountain West's motion to strike portions of Jon Hooley's declaration is denied.

## II. Plaintiffs' Statement of Disputed Facts

Mountain West also asserts that certain portions of Plaintiffs' Statement of Disputed Facts must be stricken for failure to comply with District of Montana Local Rule 56.1. That rule requires "[a]ny party opposing a motion for summary judgment must file a Statement of Disputed Facts . . . the Statement must: (1) set forth verbatim the moving party's Statement, adding only: (A) whether each fact in the moving party's Statement is 'undisputed' or 'disputed'; and, (B) if 'disputed,' pinpoint cite to a specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to oppose each fact . . . ." The rule also requires the opposing party to state "each additional fact on which the party relies to oppose the motion . . ." and pinpoint the specific source of those additional facts. Mountain

3

West argues that certain portions of Plaintiffs' Statement fail to meet these requirements and must be stricken as immaterial and not pertinent.

### a. Appraisal Process

Mountain West argues that Plaintiffs' attempts to create disputes out of Mountain West's factual assertions about the insurance policy's appraisal process are insufficient under Local Rule 56.1 and should be stricken. Specifically, Mountain West cites Plaintiffs' responses to Facts 59, 60, 62, and 64 in their Statement of Disputed Facts (Doc. 57) as immaterial.

Fact 59 states that the insurance policy contains an appraisal process that either party may invoke through a written demand. Fact 59 further elaborates that once a party invokes the process, each party must select an impartial appraiser within 20 days of receipt of the written demand for appraisal and, if the appraisers agree on an amount of loss, that amount shall control. In response, Plaintiffs stated: "Disputed. This is Mountain West's characterization of the policy, which is ultimately a question of law. The policy language speaks for itself. The appraisal provision is voluntary and can be waived by the actions of the parties." (Doc. 57 at 17). Plaintiffs do not cite to any document, deposition, or additional facts to support this dispute. Therefore, Plaintiffs' response to Fact 59 fails to meet Local Rule 56.1's requirements and is stricken.

Fact 60 states that Mountain West invoked the appraisal process on July 23, 2018. Plaintiffs responded: "Disputed. Mountain West mentioned appraisal but continued adjusting the claim, thereby waiving its provisions. (See, e.g., Mountain West's Statement of Undisputed Facts, ¶ 43.)" (Doc. 57 at 17). The Court finds this response insufficient for purposes of Local Rule 56.1. The Rule requires the opposing party to state the additional facts the party believes contest the proffered statement and to support those additional facts with a pinpoint cite to the specific pleading, deposition, etc. Local Rule 56.1(b)(2). Here, Plaintiffs disputed the proffered statement by arguing that Mountain West continued adjusting the claim after mentioning appraisal. Plaintiffs attempt to support this additional fact by citing to Mountain West's Undisputed Fact 43 which states: "In early January, the Dranges submitted BSC's final invoice, seeking resolution of the loss for RCV." (Doc. 48 at 9). Undisputed Fact 43 mentions nothing about Mountain West's written demand invoking the appraisal provision. Neither does it mention anything about what constitutes waiver of the provision. The Court fails to see how this reference supports Plaintiffs' argument and strikes the response for failure to comply with Rule 56.1(b)(2).

Fact 62 states that Mountain West invoked the appraisal process a second time on December 20, 2019. Plaintiffs responded: "Disputed. Mountain West mentioned appraisal but continued adjusting the claim, thereby waiving its

provisions. (See, e.g., Mountain West's Statement of Undisputed Facts, ¶ 43.)" (Doc. 57 at 17). As described above, the Court finds this response insufficient to satisfy the requirements of Local Rule 56.1 and will strike the response.

Fact 64 states that "[t]he Dranges never named an appraiser as required by the Appraisal provision." (Doc. 57 at 17). Plaintiffs responded: "Undisputed that the Dranges did not name an appraiser; disputed that it was 'required' where Mountain West continued to adjust the claim. (See, e.g., Mountain West's Statement of Undisputed Facts, ¶ 43.)" (Doc. 57 at 17). Undisputed Fact 43 mentions nothing about an appraiser, nor does it mention when an insured is required to name an appraiser and when an insured is not. The Court finds that this response also fails to comply with the requirements of Local Rule 56.1. The Court will strike the response.

### b. Failure to Document the Loss

Mountain West also asserts that Plaintiffs' attempts to create disputes regarding whether Plaintiffs provided documentary evidence of loss should be stricken for failure to comply with Local Rule 56.1. Mountain West cites Plaintiffs' responses to Facts 46, 47, 49, and 53 as immaterial and impertinent.

Fact 46 states, "Meyer replied on February 8, 2019, informing Shaver that no documentation had been provided to support the contractor charge of $9,766.93 for additional 'general contractor O&P.'" (Doc. 57 at 13). Plaintiffs responded:

6

"Undisputed that this is what Meyer said, but dispute that no documentation had been provided. (See, e.g., Mountain West's Statement of Undisputed Facts, ¶ 43.)" (Doc. 57 at 13). The Court finds this response sufficient to satisfy the requirements of Local Rule 56.1. Mountain West makes a factual argument that Plaintiffs cannot create a legitimate dispute regarding this statement because no receipts or documents were sent to Meyer to support payment of general contractor O&P. Plaintiffs cite to the undisputed fact that Plaintiffs submitted the invoice they received from the contractor declaring a charge for general contractor O&P. As the statement is drafted, it does appear that the submission of the contractor invoice would qualify as a previously submitted document showing a charge for general contractor O&P. Whether that invoice adequately supports the charge is a factual question not before the Court on this motion to strike. Therefore, Plaintiffs' response to Fact 46 will not be stricken.

Fact 47 states, "[a]dditionally, Meyer stated: 'if you have additional documentation for me to consider, please provide it for my review.'" (Doc. 57 at 13). Plaintiffs responded: "Undisputed that this what Meyer said, but dispute that no documentation had been provided. (See, e.g., Mountain West's Statement of Undisputed Facts, ¶ 43)." (Doc. 57 at 13). The Court finds this response insufficient for purposes of Local Rule 56.1. As stated above, the Rule requires the opposing party to state additional facts disputing the proffered statement and to

support those additional facts with a pinpoint cite to the specific pleading, deposition, etc. Local Rule 56.1(b)(2). Here, Plaintiffs attempt to create a dispute regarding whether additional documents were sent to Meyer supporting a charge of general contractor O&P, other than BSC's previously submitted invoice, by citing to the undisputed fact that Plaintiffs submitted BSC's invoice. The referenced fact ¶ 43 says nothing to contradict that Meyer requested additional documentation for review. Therefore, Plaintiffs' response fails to satisfy Local Rule 56.1 and must be stricken to the extent the response attempts to create a dispute.

Fact 49 states what Meyer told Plaintiffs about the difference between overhead and profit typically included in contractor invoices and the additional general contractor overhead and profit charge contractors include for general contracting services. Fact 49 also states that Meyer informed Plaintiffs that his claim sheet did not include losses for general contractor overhead and profit services. Meyer requested documents from Plaintiffs such as subcontractor invoices to review. Plaintiffs responded: "Undisputed that this is what Meyer said, but dispute that no documentation had been provided. (See, e.g., Mountain West's Statement of Undisputed Facts, ¶ 43.)" (Doc. 57 at 14). The Court finds this response similarly insufficient to create a legitimate dispute regarding the information stated in Fact 49. Fact 49 states that Meyer requested documentation supporting why Plaintiffs' contractor charged general contractor overhead and

8

profit, such as subcontractor invoices. Plaintiffs cite to the undisputed fact that Plaintiffs submitted the contractor's invoice in an attempt to create a dispute that supporting documentation was provided. The Court finds this insufficient under Local Rule 56.1(b)(2) and the response is stricken so far as it attempts to create a dispute.

Fact 53 states, "[d]espite repeated requests for documentation from Mountain West, the Dranges never provided a single receipt, bill, or invoice indicating that subcontractors were used on the job, or establishing that a general contractor incurred additional GCOP for supervising and organizing the subs." (Doc. 57 at 15). Plaintiffs responded: "Disputed, the Dranges provided an invoice showing that they had been billed for GCOP, thus it was an expense they incurred. (See, e.g., Mountain West's Statement of Undisputed Facts, ¶ 43)." (Doc. 57 at 15). The Court finds this response sufficient for purposes of Local Rule 56.1. Plaintiffs cite to the undisputed fact that Plaintiffs submitted a contractor invoice showing a charge for general contractor overhead and profit. Therefore, there is a legitimate dispute about whether Mountain West ever received an invoice from the Plaintiffs indicating that subcontractors were used on the job. Plaintiffs response to Fact 53 will not be stricken.

   c. **Fixed Price Contract**

Mountain West argues that Plaintiffs' response to Fact 19 must be stricken as immaterial and impertinent because no evidence exists that Plaintiffs entered into a fixed price contract with their contractor.

Fact 19 states, "[t]o authorize payment of GCOP, Mountain West considers documentation that subcontractors actually performed work on that project, and whether that work was billed within the 'going rate.'" (Doc. 57 at 5). Plaintiffs responded: "Disputed. The 'going rate' is established exclusively by Mountain West, and even if insureds present evidence that the insured paid that same 'going rate' for any specific repair, Mountain West demands more, including the subcontractors' actual invoices, even if that is something the insureds have no access to because they entered into a fixed-price contract with their general contractor, as the Dranges did here. (See, e.g., 30(b)(6) deposition of Mountain West, Doc. 41-5 at 25-28 (discussing going rate) and Doc. 41-5 at 82-83 (discussing requirement for subcontractor invoices even where insured has fixed-price contract with general contractor).)" (Doc. 57 at 5-6). The Court does not find an apparent dispute between the information stated in Fact 19 and Plaintiffs' response or citations. In fact, it appears that Plaintiffs' citation to the 30(b)(6) testimony supports the information contained in Fact 19 that Mountain West employs both a "going rate" formula for calculating payments as well as any additional documentation submitted to support general contractor overhead and

profit. Whether insureds are able to access that documentation is another matter not at issue in Fact 19. Therefore, the Court shall strike Plaintiffs' response to Fact 19 for failure to properly express a dispute with the information stated under Local Rule 56.1.

### d. Hooley Statements re Subcontracts

Mountain West argues that Plaintiffs cannot create genuine disputes by citing to Hooley's statements regarding subcontracts because those statements are inadmissible. However, as noted above, the Court finds Hooley's statements admissible. Therefore, Plaintiffs may properly use those statements, under Local Rule 56.1, to create disputes regarding Mountain West's assertions in Facts 15, 25, 54, and 81. Plaintiffs' responses to those Facts will not be stricken.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Mountain West Farm Bureau Mutual Insurance Company's Motion to Strike (Doc. 60) is **GRANTED IN PART and DENIED IN PART**. Jon Hooley's declaration (Doc. 57-1) is admissible as are Plaintiffs' responses to Mountain Wests' Facts 15, 25, 46, 53, 54 and 81. (See Doc. 57). However, Plaintiffs' responses to Mountain West's Facts 19, 47, 49, 59, 60, 62, 64 are deemed insufficient under Local Rule 56.1 and are stricken from the record.

DATED this 27th day of April, 2021.

_Susan P. Watters_
SUSAN P. WATTERS
United States District Judge

12