IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JODIE and ANDY DRANGE,<br><br>                    Plaintiffs,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU<br>MUTUAL INSURANCE COMPANY<br>and DOES 1-100,<br><br>                    Defendants. | CV 20-30-BLG-SPW<br><br><br>ORDER |

Before the Court is Defendant Mountain West Farm Bureau Mutual Insurance Company's Motion on Objections to Sufficiency of Plaintiffs' Expert Disclosure. (Doc. 85). Defendant argues the Court should strike Plaintiffs Jodie and Andy Drange's expert disclosure for Jon Hooley because it does not comply with the disclosure requirements for a retained expert under Federal Rule of Civil Procedure 26(a)(2)(B).[1] (Doc. 86 at 3-6). Plaintiffs respond that Hooley is a non-retained expert, and they filed the proper disclosures for Hooley under Rule 26(a)(2)(C). For the following reasons, the Court grants Defendant's motion in part and denies it in part.

---

[1] On reply, Defendant objects for the first time to Hooley's qualifications as an expert in construction matters and to his opinions about the Drange job. (Doc. 93 at 3-5). "The general rule is that [parties] cannot raise a new issue for the first time in their reply briefs." *Ghahremani v. Gonzales*, 498 F.3d 993, 997 n. 3 (9th Cir. 2007) (internal quotation marks omitted). Under *Ghahremani*, the Court declines to consider the issues Defendant raised solely on reply.

1

## I.     Relevant Background

The facts of this case are well known to the Court and were extensively reviewed in the Court's order on summary judgment. (Doc. 73 at 2-5). As such, only those facts relevant to the motion will be recited here.

Pursuant to the Court's scheduling order (Doc. 76 at 5-6) and Rule 26(a)(2)(C), Plaintiffs disclosed Hooley as a hybrid fact/expert witness. (Doc. 86-1). Hooley is a general contractor with Big Sky Contractors who provided the general contracting services to Plaintiffs for the hail damage repairs at issue in this case. (*Id.* at 2, 9-10). Plaintiffs designated Hooley as a non-retained expert, so they "limited the subject matter on which Hooley is expected ... to testify." (*Id.* at 2). Plaintiffs specified that Hooley would testify to the role of a general contractor in storm claims and other insured losses, why general contractors are entitled to overhead and profit, his experience in Montana with insurance companies paying for overhead and profit, and the purpose of and calculations used by the insurance companies' estimating software. (*Id.* at 2-9). Plaintiffs also explained that Hooley would testify to how those issues impacted the hail damage claims of the Dranges and other clients of Big Sky Contracting.

## II.    Analysis

Rule 26(a)(2) "requires parties to disclose the identity of any expert witness." Fed. R. Civ. Proc. 26(a)(2); *Goodman v. Staples The Office Superstore,*

*LLC*, 644 F.3d 817, 824 (9th Cir. 2011).  The Federal Rules contemplate two classes of experts: those retained or specifically employed to give expert testimony in a case, and those who are not retained or specially employed but, nevertheless, may provide expert testimony.  *Tarter v. Throne Law Office, P.C.*, No. CV 17-123-BLG-SPW, 2019 WL 609337, at *2 (D. Mont. Feb. 13, 2019).  The disclosure of retained experts is governed by Rule 26(a)(2)(B), which requires that the disclosure include a detailed, written expert report.  Non-retained experts are governed by Rule 26(a)(2)(C), which does not require a detailed report.  Instead, the party offering a non-retained expert's testimony must disclose: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify.

"The distinguishing characteristic between a retained expert and a non-retained expert is the nature of the expert's testimony."  *Davies v. U.S. Env't Prot. Agency*, CV 17-115-H-BMM-JTJ, 2020 WL 2736576, at *2 (D. Mont. May 26, 2020).  "A retained expert is 'an expert who without prior knowledge of the facts giving rise to [the] litigation, is recruited to provide expert opinion testimony.'"  *Id.* (quoting *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)).  The retained expert's opinion is based on information "obtained in a manner other than being a percipient witness to the events in issue."  *Tarter*, 2019

3

WL 609337 at *4.   A non-retained expert, on the other hand, was involved in the
events giving rise to the litigation, and their knowledge arises from their
involvement.   *Davies*, 2020 WL 2736567 at *2.   *See also Tarter*, 2019 WL 609337
at *4 (a non-retained expert's opinion is based on information they acquired
through their percipient observations).

The line between a retained and non-retained expert "while perhaps clear in
the abstract, is often muddled in practice."  *Am. Prop. Constr. Co. v. Sprenger Lag
Found.*, 274 F.R.D. 1, 4 (D.D.C. 2011).   Along the spectrum of the two kinds of
expert witnesses are hybrid fact/expert witness—"that is, someone whose
testimony turns in part on scientific, technical, or other specialized knowledge, but
who has a relationship to the subject matter of the action independent of the
litigation itself."  *Id.*  Hybrid witnesses are not exempt from subsection (B)'s
expert report requirement "to the extent their opinions exceed their percipient
knowledge or were formed for the purposes of litigation."  *Tarter*, 2019 WL
609337 at *3.

Courts have addressed the hybrid witness rule's application to general
contractors.  *E.g. Am. Prop. Constr.*, 274 F.R.D. at 4-5; *Full Faith Church of Love
W., Inc. v. Hoover Treated Wood Prods., Inc.*, No. Civ.A. 01-2597-KHV, 2003
WL 169015 (D. Kan. Jan. 23, 2003).   Where an expert confined their testimony to
"information they obtained, and the opinions they formed, while performing the

tasks they were hired to do in their capacity as contractors," the courts found them to be non-retained experts covered by the requirements of Rule 26(a)(2)(C). *Am. Prop. Constr.*, 274 F.R.D. at 4. "Any expert testimony exceeding those bounds will not be admitted." *Id.* at 5.

Here, the Court agrees with Defendant that much of Plaintiffs' description of Hooley's testimony exceeds the bounds of what is permissible for a non-retained expert. Specifically, Hooley's testimony described on pages 2 through 9—*i.e.* generalized testimony concerning the role of a general contractor in a storm claim or other insured loss, the reason general contractors are entitled to overhead and profit, the standard practice in Montana for payment of general contractor overhead and profit by insurance companies, and the calculations used by estimating software—exceeds the information he obtained and the opinion he formed during the course of dealing with the Dranges. (*See* Doc. 86-1 at 2-9).

In contrast, Hooley's testimony on those issues as applied to the Dranges' storm claim is based on his involvement in the events giving rise to this litigation and knowledge acquired therein. As such, Plaintiffs' correctly classified the portions of Hooley's testimony on the Dranges' storm claim as that of a non-retained expert. To the extent that Plaintiffs use certain testimony otherwise considered to be that of a retained expert to lay foundation, the Court reserves ruling on such objections for pretrial evidentiary motions and/or trial.

With respect to Hooley's testimony on the specifics of other Big Sky Contracting clients who had difficulty obtaining general contractor overhead and profit from Defendant, such testimony is outside the scope of a non-retained expert because class certification was denied.  (Doc. 101).  Thus, any commentary on experiences with other clients who would have been part of the proposed class is beyond the scope of the facts giving rise to this litigation.

Because Hooley is a retained expert with respect to testimony not specific to the Dranges' claim and his disclosure did not comply with Rule 26(a)(2)(B), Hooley will be precluded from offering retained expert opinions.  However, because Hooley was disclosed as a hybrid witness, his testimony will be allowed only to the extent that it comports with the law on hybrid witnesses.  That is, his testimony will be limited to what he witnessed or experienced as a contractor with the Dranges and their storm claim that is the subject of this lawsuit.

## III.   Conclusion

For the reasons set forth above, Defendant's motion is GRANTED in part and DENIED in part.

DATED this 21st day of March, 2023.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge